## BEATY v. KIMERLING CORPORATION, et al.

No. 77-2940.

Circuit Court. Dade County.

January 3, 1978.

104

John Lazarus and Peggy Fisher, Legal Services of Greater Miami, Inc., for the plaintiff.

Miriam Beckerman, Miami, for the defendants Kimerling Corporation and Bartley Kimerling.

Dennis E. La Rosa, Tallahassee, for the defendant Division of Hotels and Restaurants, State Department of Business Regulation.

GEORGE ORR, Circuit Judge.

This cause come on to be heard upon the plaintiff's complaint for, inter alia, injunctive relief against the defendant hotel, and seeking a declaration of the powers and duties of the Division of Hotels and Restaurants of the State Department of Business Regulation (hereinafter referred to as "the division") under Chapters 509 and 83, Florida Statutes. Upon stipulation of the plaintiff and the defendant division, this court makes the following findings of fact and conclusions of law —

*Conclusions of law*

1. That on or about January 26, 1977 the plaintiff was residing in the defendant Ford Hotel, located at 60 N. E. 3rd Street in Miami.

2. That on or about January 26, 1977 counsel for the plaintiff spoke with an employee of the defendant division and asked that the division comply with its duties under Florida Statute §509.032 (1) to enforce Florida Statute §83.59(3), regarding the lockout of the plaintiff by the defendant hotel.

3. That an employee of the defendant division refused to do so.

4. That on January 27, 1977 the plaintiff filed the above-styled cause in this court praying for, inter alia, injunctive relief as to the defendant hotel and declaratory relief as to the defendant division.

5. That on January 27, 1977 a temporary order requiring the defendant hotel to admit the plaintiff to the subject premises was entered by this court.

6. On July 28, 1977, pursuant to stipulation between the plaintiff and the defendant hotel, this cause, as to the defendant hotel, was dismissed by this court.

### Conclusions of law

7. That the duties of the defendant division pursuant to Florida Statute §509.032 include but are not limited to —

a. Enforcement of Florida Statute §83.40 *et seq.* as it pertains to any public lodging establishment required to be licensed under the provisions of Florida Statute §509.241.

b. Enforcement of violations of Florida Statute §83.53 (3) committed by public lodging establishments required to be licensed pursuant to Florida Statute §509.241.

Said enforcement shall include procedures so that when the division receives a complaint (whether oral or written) that a public lodging establishment has violated the provisions of Florida Statute §83.59(3), the division shall immediately attempt to contact said public lodging establishment, by telephone if necessary, for the purpose of verifying the complaint. If it appears to the division that a violation of Florida Statute §83.59(3) may have occurred, the division shall advise the public lodging establishment of its duty to follow the procedure prescribed by the laws of Florida, specifically Florida Statute §83.59(3) and that if said public lodging establishment is in violation of said law, it is subject to penalties prescribed by Florida Statute §509.261, as well as civil damages.

c. The defendant division shall be responsible for investigating any complaint that any public lodging establishment, required to be licensed by it, has engaged in any unethical practice as defined by Florida Statute §501.201 *et seq.* and regulations promulgated thereunder by the Florida Department of Legal Affairs, Administrative Code, Chapter No. 2-11.

8. That the powers of the defendant division include, but are not limited to —

The division may suspend or revoke the license of any public lodging establishment that has operated or is operating in violation of Florida Statute §83.40

*et seq.* and Florida Statute §501.201 *et seq.* and regulations promulgated thereunder by the Florida Department of Legal Affairs, Administrative Code, Chapter No. 2-11.

Thereupon, it is ordered and adjudged that the defendant division is directed to act in accordance with the power and duties herein enumerated.